UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY D. FRITZ, II, | 1:11cv01283 AWI DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | |
| TIMOTHY GEITNER, Department of Treasury; HILLARY CLINTON, Secretary of State; DEBRA BOWEN, California Secretary of State, | |
| Defendants. | |

Plaintiff Kerry D. Fritz, II ("Plaintiff"), appearing pro se, filed the instant action on August 3, 2011. Plaintiff paid the filing fee and is therefore not appearing in forma pauperis.

**DISCUSSION**

A.   Screening Standard

"A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction [citation] ...." Franklin v. Murphy, 745 F.2d 1221, 1227 n. 6 (9th Cir.1984) (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). Such a complaint may be dismissed sua sponte before service of process. Franklin, 745 F.2d at 1127 n 6. Dismissal for lack of subject matter jurisdiction is proper when the federal claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a

1

federal controversy." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (citations and internal quotations omitted).

B.   Plaintiff's Allegations

Plaintiff names Timothy Geitner of the United States Department of Treasury, United States Secretary of State Hillary Clinton and California Secretary of State Debra Bowen as defendants in this action. Plaintiff claims that these defendants are in default and references the national debt. Plaintiff repeatedly refers to unidentified contracts, secured creditors and the commercial code provisions. He seeks writs of prohibition and mandamus.

Plaintiff alleges that Defendant Geitner and others failed to help him "activate proper accounts" in relation to an original claim regarding the national debt. Complaint, p. 7.

Plaintiff alleges that Defendant Clinton and the FBI, the Secret Service and the Marshal's Service failed to "protect" him as a secured party creditor. Complaint, p. 8.

Plaintiff alleges that Defendant Bowen failed to provide him with a "state-issued 'badge' of authority and 'exempt' license plates for vehicles." Complaint, p. 10.

Plaintiff includes additional allegations regarding the following: (1) a previous district court case; (2) an apparent criminal case in Mojave, California: (3) the Kern County Board of Supervisors; (4) Kern County Counsel; (4) the Kern County Public Defender's Officer; (5) an Arizona company, E-link Equity; (6) Verizon Wireless termination proceedings; (7) Family Radio & Harold Camping because they "refused to 'reveal' [him] as The Son of Lies/Perdition/Man"; (8) Dr. James David Manning of ATLAH Ministries Worldwide; (9) NBC for alleged threats of copyright infringement; (10) the UCLJ; and (11) pornography and dating websites.

C.   Analysis

Although Plaintiff variously refers to default, contracts, secured creditors, commercial codes and federal statutes, Plaintiff's complaint has no arguable basis in law or fact and is devoid of merit. His claims relative to the national debt are nonsensical and wholly insubstantial. Further, Plaintiff's complaint appears to cobble together unrelated allegations in an

1 incomprehensible fashion.  The frivolous and insubstantial nature of the instant complaint
2 deprives this Court of subject matter jurisdiction, which cannot be cured by amendment.

**CONCLUSION AND RECOMMENDATION**

For the above reasons, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE.

These Findings and Recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Fed. R. Civ. P. 72(b)(2); Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 5, 2011**                              **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE